## Wood v. Schomacker Piano Forte Manufacturing Company, Appellant.

*Appeals—Assignments of error—Quoting whole charge.*

An assignment of error quoting the whole charge of the trial judge, and alleging that the charge was partial, without pointing out in what respect the charge was partial, is erroneous practice.

Argued Dec. 12, 1902.   Appeal, No. 211, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 357, on verdict for plaintiff in case of Walter A. Wood v. Schomacker Piano Forte Manufacturing Company. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from judgment of magistrate.

Verdict and judgment for plaintiff for $112.56.   Defendant appealed.

*Errors assigned* were as follows:

1. The learned judge below erred in charging the jury as a whole as follows (quoting whole charge), because it was partial to the plaintiff below.

2. Because the learned judge below erred in his charge aforesaid as a whole in sympathizing with the plaintiff below, to the prejudice of the defendant below.

3. Because the learned judge below erred in his charge aforesaid as a whole by unduly influencing the jury to believe and understand that the extra compensation claimed was upon a right, under a contract, and not as a present.

4. Because the learned judge below erred in his charge as aforesaid as a whole in not mentioning or drawing the attention of the jury to the conflict of testimony between the plaintiff and H. W. Gray, as to the cause of discharge.

5. Because the learned judge below erred in his charge as aforesaid as a whole in giving the jury to understand and believe as a matter of fact proved that the plaintiff had been unjustly discharged.

6. Because the said charge as aforesaid as a whole was inadequate.

7. Because the said charge as aforesaid as a whole was misleading.

8. Because the said charge as aforesaid as a whole withdrew the attention of the jury from the material issues and evidence in the case.

9. Because the tendency of the said charge as aforesaid as a whole was to unduly magnify the importance of plaintiff's proofs and to belittle those introduced by the defendant.

10. Because the learned judge erred in declining to grant defendant's request for binding instructions in his favor.

*Horn R. Kneass,* for appellant.

*W. Brooke Lessig,* with him *Charles H. Edmunds* and *John Sparhawk, Jr.,* for appellee.

OPINION BY SMITH, J., January 20, 1903:

This appeal presents questions of fact solely, and the settlement of the controversy thus raised was submitted to the proper tribunal for adjustment.   In presenting it here the assignment of errors—the declaration of the appellant—neither specifies nor describes the alleged errors as required by the rules of this court.

The first error assigned is to the entire charge of the court, and complains that "the learned judge below erred in charging the jury as follows" (here follows the charge; and the assignment concludes with) because it was partial to the plaintiff below." The alleged partiality is not stated, in character or in substance, nor is the offensive language quoted or pointed out, but we are left to infer it, as best we may, from the entire charge.

Half a century ago the Supreme Court said: "If the party cannot put his finger upon some error and specify it, we take it for granted that he cannot find any:" Zerbe v. Miller, 16 Pa. 488, COUTLER, J.   In Rosenthal v. Ehrlicker et al., 154 Pa. 396, WILLIAMS, J., said: "The purpose of an assignment of error is to place upon the records of this court the specific ground of complaint on the part of the appellant."   In Drenning & Long v. Wesley, 189 Pa. 160, Justice DEAN said: "The first is to the entire charge of the court.   No specific error is pointed out to us by this assignment, and therefore no discussion of it is called

for." A simliar practice has been uniformly followed by this court, and an observance of our rules enjoin it. In order to justify a review of the trial court, the essential element of particularity in this respect must be adhered to, and the alleged errors must appear in the record, in the manner and the place designated. The error aimed at in this specification, is the general allegation that the entire charge of the court was partial to the plaintiff below. A careful reading of the charge, in the light of the evidence, will not warrant that conclusion. The learned trial judge presented the case on the whole evidence before him, and while he did not choose to follow, verbatim, the language of appellant in its presentation, he was not required to do so. Having in view the fact that there were two parties to this action, with opposing views and interests, and with testimony in support of each, we cannot say that the learned trial judge erred in the manner of its submission to the jury. If the appellant desired specific instructions on any feature of the law or the evidence, it had the right and privilege of asking for them. In choosing to take the chances of a verdict unembarrassed by requests for charge, it must now abide the consequence.

What has been said, sufficiently covers the second, third, fifth, sixth, seventh, eighth and ninth specifications; they are dismissed for want of particularity. The fourth is flatly contradicted by the charge itself. The tenth specification presents, in a very irregular way, the only point of the defendant for charge, "that under the evidence in this case the verdict must be for the defendants." As we have said, the facts were for the jury and the learned court properly left them to that body for final decision.

In issues such as this, the trial judge has the best opportunity of observing and considering the relative intelligence, candor and credibility of the parties who testify, and his judgment is to be given due weight on appeal.

The assignment of error is overruled and the judgment affirmed.